# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **JASWINDER KAUR,** | * |
| Appellant, | * |
| v. | Case No.: PWG-17-421 |
| | * |
| **WELLS FARGO BANK, N.A.,** | |
| | * |
| Appellee. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Debtor Jaswinder Kaur obtained, and then defaulted on, a loan for 13115 Thackery Place, Germantown, Maryland 20874 (the "Property"). Promissory Note 1, ECF No. 6-13, at 1; Kaur's Bankr. Sched. D 13, ECF No. 6-9. Wells Fargo Bank, N.A. ("Wells Fargo"), whose predecessor in interest had furnished the loan and who had recorded a deed of trust against the Property in the Montgomery County Circuit Court Land Records, initiated foreclosure proceedings following the default. Deed of Tr. 1, ECF No. 6-13, at 8; *see Brown v. Kaur,* Case No. 413085V (Cir. Ct. Montgomery Cty.) ("Foreclosure Action").[1] Kaur then filed a Voluntary Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of Maryland, Case No. 16-25432-TJC, on November 22, 2016, Pet., ECF No. 6-1, which stayed the Foreclosure Action pursuant to 11 U.S.C. § 362(a), *see* State Ct. Docket.

In Bankruptcy Court, Wells Fargo filed a Motion for Relief from Automatic Stay and an Equitable Servitude, so that it could proceed with the Foreclosure Action without further impediment. Mot. for Relief, ECF No. 1-1. The Bankruptcy Court granted the motion, and Kaur

---

[1] I take judicial notice of the state court docket in the Foreclosure Action, *see* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=413085V&loc=68&detailLoc=MCCI, pursuant to Fed. R. Evid. 201.

noted this appeal. ECF No. 1. Wells Fargo moves to dismiss the appeal as moot because the Property has been sold to a third-party purchaser. ECF No. 10.[2] Its motion is meritorious, and accordingly, I will dismiss this appeal as moot.

## Procedural Background

On December 21, 2016, the Bankruptcy Court issued an Order Dismissing the Bankruptcy Case for Failure to Complete Required Filings and Notice that Automatic Stay is Terminated. Order, ECF No. 6-20. The dismissal order provided notice "that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated," thereby mooting Wells Fargo's Motion for Relief from Automatic Stay. *Id.*; *see also* Order Continuing Hr'g 1, ECF No. 6-35 (stating that dismissal order terminated automatic stay).

Wells Fargo requested a hearing on its Motion for Equitable Servitude, which the dismissal order had not addressed. *See* Order Continuing Hr'g 1–2. The Bankruptcy Court granted the motion at a hearing on February 13, 2017. *See* Feb. 13, 2017 Proceeding Memo, ECF No. 6-44; Feb. 16, 2017 Order, ECF No. 6-53. It memorialized its ruling by order on February 16, 2017, stating: "SO ORDERED For the reasons stated on the record at the hearing held on February 13, 2017. With respect to the equitable servitude, the court finds that the prior bankruptcy cases were filed as a scheme to hinder or delay the creditor from exercising its rights. 11 USC 362(d)(4)." Feb. 16, 2017 Order 1. The order also granted the Motion for Relief from Automatic Stay. *Id.*

The Property was sold to a third-party purchaser on February 15, 2017. Report of Sale with Affidavit of Fairness Pursuant to Rule 14-305(a), ECF No. 10-3; *see also* State Ct. Docket.

---

[2] The parties fully briefed the motion. ECF Nos. 10-1, 11, 12.

**Discussion**

This Court must dismiss a bankruptcy appeal as moot if "an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief what[so]ever' to a prevailing party," rendering the case constitutionally or equitably moot. *Khan v. Citibank*, No. PX 16-3121, 2017 WL 2311185, at *2 (D. Md. May 26, 2017) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal citation omitted)); *see also Walker v. Grigsby*, No. AW-06-62, 2006 WL 4877450, at *2 (Bankr. D. Md. Apr. 11, 2006). A case is constitutionally moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Khan*, 2017 WL 2311185, at *2 (quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979)). Because federal courts' "constitutional authority extends only to actual cases and controversies," they "lack jurisdiction to decide moot cases." *Id.* (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). Thus, "[t]o survive a challenge of [constitutional] mootness, a party must have suffered an actual injury that 'can be redressed by a favorable judicial decision.'" *Id.* (quoting *Iron Arrow Honor Soc'y*, 464 U.S. at 70).

In *Kahn*, the debtor's "only request on appeal [was] that this Court reverse the bankruptcy court's lift of the automatic stay." *Id.* at *3. The Court dismissed the debtor's appeal, concluding that it was "moot and must be dismissed" because the property at issue "ha[d] been sold to a third party and Khan no longer ha[d] any interest in the Property," such that a "judicial determination to overturn the bankruptcy court's lift of the stay would have no practical effect." *Id.* at *2–3 (citing *In re McLean Square Assocs., G.P.*, 200 B.R. 128, 131 (E.D. Va. 1996) ("[I]t is well established that courts must dismiss an appeal as moot if an affirmance 'would ostensibly require something to be done which had already taken place,' while a reversal 'would ostensibly avoid an event which had already passed beyond recall.' " (quoting *Brownlow*

*v. Schwartz*, 261 U.S. 216, 217–18 (1923))). The Court noted that, "[h]ad Khan wished to preserve the justiciability of his claims, he could have sought to stay the enforcement of the bankruptcy court's order lifting the automatic stay pending his appeal," and that "[f]ailure to seek such relief may result in mooting the claims by virtue of subsequent events." *Id.* at *3; *see also Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 499 (4th Cir. 1993) (holding that, because the debtor "failed to obtain a stay of the district court's order pending appeal and thereby allowed [the mortgagee] to foreclosure on the property at issue . . . , the foreclosure rendered moot any appeal on the applicability of the [11 U.S.C.] § 362(a) stay"). Similarly, here, Kaur only seeks on appeal a reversal of the Bankruptcy Court's lift of the automatic stay and equitable servitude, rulings for which he did not seek to stay enforcement. And, the Property was sold and Kaur no longer has an interest in it, such that his appeal, "which centers on the propriety of lifting a stay so that the sale of the property can proceed," is moot. *See id.*

As for the doctrine of equitable mootness, it "is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *Khan*, 2017 WL 2311185, at *3 (quoting *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). The Court considers

> (1) whether the appellant sought and obtained a stay; (2) whether the . . . equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the . . . equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

*Id.* (quoting *Mac Panel*, 283 F.3d at 625).

In this case, as in *Kahn*, the Property was sold to a third-party purchaser, and neither party to this litigation retains an interest in it. Therefore, as in *Kahn*, "this Court cannot practically grant the requested relief to reverse the lift of the stay and in effect re-enjoin [Wells

Fargo's] ability to convey the property because the property has already transferred to [the third-party purchaser]." *Id.* And consequently, "for the reversal of the lift of stay to have any meaning, it would have to substantially affect the rights of the third party [purchaser]." *Id.* Further, "[t]his is all due to [Kaur's] failure to seek a stay of the bankruptcy court's order in the first instance." *Id.* Accordingly, Kaur's appeal is equitably moot. *See id.*

As Kaur sees it, her appeal should not be dismissed because the Property "was wrongfully advertised weeks before it was sold . . . when the automatic stay . . . was in full force and effect," and "wrongfully went to auction on 2/15/2017," at which time "[t]he case was s[t]ill in bankruptcy and the []Relief from Stay had not been granted." Opp'n 2. She asserts that "[t]he Order For Relief from Stay [was] granted on 2/16/2017." *Id.* Her argument is factually flawed. The Bankruptcy Court granted Wells Fargo's motion at the February 13, 2017 hearing, before the Property sold on February 15, 2017. Moreover, by that time, the Bankruptcy Court only was addressing the motion insofar as Wells Fargo sought an equitable servitude; Wells Fargo's request for relief from the stay was mooted by the Bankruptcy Court's December 21, 2016 dismissal order, which provided notice that the automatic stay was terminated. Thus, the stay lifted almost three months before the Property sold on February 15, 2017. Consequently, to the extent that Kaur appears to argue that her appeal is not equitably moot, her argument is unavailing. Because the appeal is both constitutionally and equitably moot, it is dismissed. *See Church of Scientology*, 506 U.S. at 12; *Khan*, 2017 WL 2311185, at *2; *Walker*, 2006 WL 4877450, at *2.

## **ORDER**

Accordingly, it is, this 14th day of November, 2017 hereby ORDERED that Wells Fargo's Motion to Dismiss, ECF No. 10, IS GRANTED; Kaur's appeal IS DISMISSED; and the Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge